UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN HERTZ, Individually and as Personal
Representative of the Estate of Roger B. Hertz,

       Plaintiff,                          Case No. 07-14369
                                                  Honorable David M. Lawson
v.

SHELDON L. MILLER, SHELDON L. MILLER &
ASSOCIATES, P.C., LAW OFFICE OF SHELDON
L. MILLER, LINDA MILLER ATKINSON, ATKINSON,
PETRUSKA, KOZMA & HART, P.C., and PHILO,
ATKINSON, STEPHENS & WRIGHT, P.C

       Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

Presently before the Court is the defendants' motion for reconsideration of the Court's order granting the plaintiff's motion to reopen the case. On February 11, 2011, the Court denied without prejudice the plaintiff's pending application to reopen the case and found the defendants in contempt of court. After the denial without prejudice, the plaintiff filed a renewed motion to reopen the case on February 17, 2011, explaining that the factual predicate on which the Court relied in denying her initial application was incorrect and that the defendants' continued refusal to abandon their state court appeal as this Court ordered exposed her to prejudice. The defendants failed to respond timely to the motion, filing a response nearly one month later on March 14, 2011, and the Court granted the plaintiff's motion on the same day after finding merit therein.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A

"palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In their motion for reconsideration, the defendants characterize the plaintiff's renewed motion to reopen as a motion for reconsideration and argue that the Court should have construed the motion as such when ruling on it. There is no basis in the record for the Court to characterize the plaintiff's motion to reopen the case as a motion for reconsideration. The Court denied the first motion to reopen the case without prejudice. A denial without prejudice permits the party to renew the motion at a later date. *See, e.g.*, *Tudor Ins. Co. v. Assoc. Land Title, LLC*, No. 08-11831, 2011 WL 901993 (E.D. Mich. Mar. 15, 2011); *Davis v. Kroger Co.*, No. 09-789, 2011 WL 765952 (S.D. Ohio Feb. 25, 2011); *United States v. Bell*, No. 03-00009, 2010 WL 5394807 (W.D. Ky. Dec. 22, 2010). Although the defendants profess ignorance, it is a common practice to renew motions denied without prejudice. It appears that the defendants are relying on their own mischaracterization of the plaintiff's motion as a excuse for their tardy response to the motion in the first instance. The Court has reviewed the defendants' tardy response and motion for reconsideration and finds no reason to change its ruling.

Accordingly, it is **ORDERED** that the defendants' motion for reconsideration [dkt. #83] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 25, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2011.

                                              s/Deborah R. Tofil
                                              DEBORAH R. TOFIL