UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN HERTZ, Individually and as Personal
Representative of the Estate of Roger B. Hertz,

       Plaintiff,                          Case No.  07-14369
                                                    Honorable David M. Lawson
v.

SHELDON L. MILLER, SHELDON L. MILLER &
ASSOCIATES, P.C., LAW OFFICE OF SHELDON
L. MILLER, LINDA MILLER ATKINSON, ATKINSON,
PETRUSKA, KOZMA & HART, P.C., and PHILO,
ATKINSON, STEPHENS & WRIGHT, P.C.,

       Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS *IN LIMINE***

On July 21, 2011, defendants Sheldon L. Miller, Law Office of Sheldon L. Miller, and Sheldon L. Miller and Associates filed two motions *in limine*, seeking to exclude reference to the damages figure in Form 95 and any settlement negotiations in the underlying case.

In this district, movants must seek concurrence in the relief requested before filing a motion or request with this Court.  E.D. Mich. LR 7.1(a).  If concurrence is obtained, the parties then may present a stipulated order to the Court.  If concurrence is not obtained, Local Rule 7.1(a)(2) requires that the moving party state in the motion that "there was a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought [ ] or . . . despite reasonable efforts specified in the motion, the movant was unable to conduct a conference."  E.D. Mich. LR 7.1(a)(2).

The defendants do not state in their motions that concurrence was sought from the plaintiff before filing the motion.  Particularly with respect to motions *in limine*, it is necessary for the Court

to know the opposing party's position when determining evidentiary issues. The concurrence requirement serves the purpose of informing the Court of the parties' perspective on and intent with respect to evidentiary issues. "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 101 (D. Mass. 1996). The defendants have filed their motions in violation of the local rules and in a manner that does not provide the Court with the information necessary to make a decision.

Accordingly, it is **ORDERED** that the defendants' motions *in limine* [dkt. #122, 123] are **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL